**UNITED STATES of America,**

v.

**Abdul Kahn GHAFOOR, Defendant.**

**No. 95 Cr. 258 (HB).**

United States District Court,
S.D. New York.

July 21, 1995.

Mary Jo White, United States Attorney for the Southern District of New York, Jeremy H. Temkin, Lynn A. Neils, Barbara A. Ward, Assistant United States Attorneys, New York City, for U.S.

Ivan S. Fisher, Ellyn Bank, New York City, for defendant.

### MEMORANDUM AND ORDER

BAER, District Judge.[1]

An evidentiary hearing was held on June 5, 1995 and June 26, 1995 on defendant's motion to suppress post-arrest statements on the ground that he does not speak or understand English and therefore did not understand his *Miranda* warnings. The evidence adduced at the hearing persuades this Court that Defendant Abdul Kahn Ghafoor speaks and understands English and knowingly and voluntarily waived his *Miranda* rights. The motion, therefore, is denied.

---

1. Noah B. Perlman, a second year law student at Columbia University School of Law, assisted with the research and preparation of this Memorandum and Order.

## FACTS

After Ghafoor's arrest, U.S. Customs Service Agents Eric Lacoma and Peter Noonan put him into a surveillance van, where, according to Lacoma's testimony, the defendant responded affirmatively to the questions "Do you understand English?" and "Do you speak English?" Lacoma then read Ghafoor his *Miranda* rights. Lacoma claims that he paused between reading each paragraph and asked the defendant, "Do you understand what I just said?" The defendant answered, "Yes, I understand." After hearing the *Miranda* warnings, Ghafoor waived his rights. Ghafoor then asked, "What am I being arrested for?" When Lacoma responded that the arrest was for the importation of 13 kilograms of heroin, Ghafoor said, "No, no, no, it's not supposed to be that much." At U.S. Customs headquarters, Ghafoor responded to Lacoma's request for pedigree information in English. Lacoma also testified that he understood Ghafoor's English, and that Ghafoor never asked him to repeat any questions.

The testimony of Agent Noonan and Melvin Mendelsohn lend further support to the Lacoma testimony. Noonan testified that he was present during the reading of the *Miranda* warnings to the Defendant and that Ghafoor answered in English that he understood and waived his rights. Mendelsohn, a co-conspirator that is cooperating with the Government, testified that by February 1995, the month of his arrest, the defendant was speaking and understanding English. Mendelsohn testified that by that time, he was speaking English with the defendant an average of four times a week for up to two hours a day.

Finally, Ghafoor's English capability is evidenced by the fact that he filled out an income tax form and took and passed a written test for an automobile learner's permit, all in English.

## DISCUSSION

A waiver of *Miranda* rights is valid when it is the product of a knowing and voluntary choice. *Colorado v. Spring*, 479 U.S. 564, 573, 107 S.Ct. 851, 857, 93 L.Ed.2d 954 (1987). The "question of waiver must be determined on 'the particular facts and circumstances surrounding [each] case, including the background, experience, and conduct of the accused.'" *North Carolina v. Butler*, 441 U.S. 369, 374–75, 99 S.Ct. 1755, 1758, 60 L.Ed.2d 286 (1979) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). The Government has the burden of establishing waiver by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168–69, 107 S.Ct. 515, 522–23, 93 L.Ed.2d 473 (1986); *United States v. Villegas*, 928 F.2d 512, 518–19 (2d Cir.), *cert. denied*, 502 U.S. 843, 112 S.Ct. 137, 116 L.Ed.2d 104 (1991).

A waiver is valid if the totality of the circumstances indicates that the defendant understood his rights and voluntarily waived them. *See Campaneria v. Reid*, 891 F.2d 1014, 1020 (2d Cir.1989) (limited proficiency in English "did not prevent [defendant] from making a knowing and intelligent waiver of his constitutional rights" where defendant "spoke in broken English with an accent and occasionally lapsed into Spanish"), *cert. denied*, 499 U.S. 949, 111 S.Ct. 1419, 113 L.Ed.2d 471 (1991); *United States v. Hernandez*, 913 F.2d 1506, 1510 (10th Cir.1990) (waiver valid where defendant's "repeated communications with trooper in English indicated that he did in fact understand English"), *cert. denied*, 499 U.S. 908, 111 S.Ct. 1111, 113 L.Ed.2d 220 (1991).

### Conclusion

Defendant's motion is DENIED.

**SO ORDERED.**